# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENDRICK DANE SELLERS,**

    **Plaintiff,**

v.                      Case No. 23-cv-562

**REBECCA SCHAFER,**

    **Defendant.**

## ORDER

Plaintiff Kendrick Dane Sellers, who is representing himself and currently confined at New Lisbon Correctional Institution, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Sellers was allowed to proceed on an Eighth Amendment excessive force claim against defendant Rebecca Schafer, who allegedly hit him on the wrist for no reason. The parties filed cross-motions for summary judgment, which are fully briefed and ready for a decision. For the reasons stated below, the court grants Schaffer's motion for summary judgment and denies Sellers's motion for summary judgment.

## FACTS

At all times relevant, Sellers was incarcerated at Oshkosh Correctional Institution (Oshkosh). (ECF No. 53, ¶ 1.) Schafer worked at Oshkosh as a librarian. (*Id.*, ¶ 3.) On November 22, 2022, Sellers was in the library speaking with Schafer

about another librarian not filing his court documents properly. (ECF No. 54, ¶ 4.) Seller states that at approximately 3:06 p.m., "for no reason whatsoever, Ms. Schafer struck my hand and wrist with her hand." (*Id.*, ¶ 5.) Schafer asserts that she "swatted in Sellers's direction because Sellers continued to repeatedly grab documents from Ms. Schafer while she was trying to assist him in compiling a complete set of his requested documents." (*Id.*)

On November 26, 2022, Sellers submitted a Health Services Request (HSR) stating "I need to be seen as soon as possible for my wrist it has shooting pain from the wrist to my palm." (ECF No. 53, ¶ 28.) The next day, November 27, Sellers was examined by non-defendant nurse Shannon Hardel, and he reported "right wrist to lower palm pain." (*Id.*, ¶ 29.) He further stated that he sustained the injury on November 22, 2022, "when his hand was 'hit' and came down on the table." (*Id.*) Hardel noted that Sellers did not have a decreased use of his right hand and that his "grasps were equal". (*Id.*, ¶ 30.) She gave Sellers ice, instructed him on how to rest his hand, and told him to report any worsening symptoms. (*Id.*)

Between December 2022 and June 2023, Sellers was seen in the Health Services Unit for multiple ailments, which sometimes usually included complaints about numbness or pain in his hand and wrist. (ECF No. 53, ¶¶ 31-42.) On June 14, 2023, non-defendant Dr. Kira Labby examined Sellers wherein he complained that "his right hand and wrist (radial, dorsal aspects) were painful since an incident at Oshkosh six to seven months ago where he reported being struck in the hand." (*Id.*, ¶ 43.) Dr. Labby observed that Sellers had full hand function, but because of his

2

ongoing pain, she ordered an x-ray. (*Id.*) Sellers had the x-ray on June 15, 2023, and the "results showed no acute fracture or dislocation, the osseous (bone) structure appeared intact, the joint spaces were preserved, and the conclusion was that there was 'no acute osseous abnormality.'" (*Id.*, ¶ 44.) Between June 16 and June 21, 2023, Sellers submitted four more HSRs complaining of wrist pain. (*Id.*, ¶¶ 45-47.) He was seen by non-defendant Nurse Jodi Fryczynski, who noted that he had a full range of motion, but he was experiencing numbness. (*Id.*, ¶ 47.) Sellers asked for an MRI. (*Id.*) Fryczynski sent a message to Dr. Labby regarding Sellers's MRI request and reporting on his continued pain. (*Id.*, ¶ 48.) Dr. Labby determined that no MRI was needed. (*Id.*) Sellers submitted several more HSRs between June 22 and July 18, 2023, when he saw Dr. Labby again. (*Id.*, ¶¶ 49-55.) At this appointment, Dr. Labby informed Sellers that she suspected carpal tunnel syndrome as the cause for his wrist pain. (*Id.*, ¶ 55.) Sellers was examined in the HSU several times for pain in his wrist in the Fall of 2023, and on November 2, 2023, he was diagnosed with Conn Syndrome, which is "a condition that can cause lack of muscle strength, muscle twitching and cramps, pins and needles feeling, and intermittent paralysis, which could account for Sellers's problems with his hands." (*Id.*, ¶¶ 55-58; ECF No. 52 at 7-8.) Sellers maintains that his issues with his wrist and hand were caused by being hit by Schafer. (ECF No. 64, ¶ 58; ECF No. 39 at 5.)

    Schafer submitted a video that captured the interaction between her and Sellers. (ECF No. 59.) Sellers has attempted to argue that this is a different version of the video that he observed, and he states his video is Exhibit 525. (ECF No. 43 at

3

3.) However, Sellers states that his version of the video is with the litigation coordinator, who also submitted the version of the video that is available on the record. (*Id.*) The court has already dealt with Sellers's argument that the video on the record was altered, (*see* ECF No. 81), and the court has determined that Sellers offered no proof that there are two versions of the video. As such, the court will consider the video submitted by Schafer as the only, true, and correct copy.

The video clearly shows that Schafer did not hit Sellers. (ECF No. 59 at 3:06:18 p.m.) Instead, it shows that Schafer "swatted" at Sellers and maybe briefly physically touched him. The video does not show that Schafer hit him and slammed his hand against the table, causing the injuries that Sellers alleges he sustained. Also, the demeanor of both Schafer and Sellers appears to be cordial and at no time does there appear to be conflict. There is no additional evidence during the entire length of the video that shows that Schaffer hit Sellers in any way.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Sellers claims that Schafer violated his Eighth Amendment rights because she used excessive force against him when she hit him for no reason. "Correctional officers violate the Eighth Amendment when they use force 'maliciously and sadistically for the very purpose of causing harm,' but not when they apply it in good faith to maintain or restore discipline." *Jackson v. Angus*, 808 Fed. Appx. 378, 382 (7th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). While the parties dispute what occurred—Schafer said she merely swatted Sellers's hand away from the papers whereas Sellers states she hit his wrist hard enough that it slammed into the table

5

and caused lasting injury—the court has the benefit of video evidence. The video clearly shows that Schafer did not hit Sellers in the way he alleges. At most, Schafer gently swatted Sellers's hand away and may have made minimal contact with him. "Where opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 327, 376 (2007). (Moreover, even without the video evidence, it is doubtful that this minor incident would trigger Eighth Amendment protections.) In any event, based on the video evidence, no reasonable jury could conclude that Schafer used excessive force against Sellers. Summary judgment is granted in favor of Schafer, and Sellers's motion for summary judgment is denied.

## CONCLUSION

For the foregoing reasons, the court grants Schafer's motion for summary judgment and denies Sellers's motion for summary judgment. Schafer also argued that she was entitled to qualified immunity. Because the court grants summary judgment in her favor on the merits, the court does not need to address the qualified immunity argument. Because there are no remaining claims, the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Schafer's motion for summary judgment (ECF No. 51) is **GRANTED**.

**IT IS FURTHER ORDERED** that Sellers's motion for summary judgment (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 20th day of August, 2024.

*Stephen C. Dries*
STEPHEN DRIES
United States Magistrate Judge